No. 14875

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

MERCHANTS ASSOCIATION,

Plaintiff and Respondent,

-vs-

GENEVIEVE CONGER,

Defendant and Appellant.

---

Appeal from: District Court of the Thirteenth Judicial District, Honorable Charles Luedke, Judge presiding.

Counsel of Record:

For Appellant:

D. Michael Eakin, Hardin, Montana

For Respondent:

Terrence Swift, Billings, Montana

---

Submitted on Briefs: October 30, 1979

Decided: DEC 2 7 1979

Filed: DEC 2 7 1979

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Genevieve Conger appeals from an order entered by the District Court, Thirteenth Judicial District, Big Horn County, denying Genevieve's motion to appeal to the District Court without the undertaking required by section 25-33-201(1) MCA.

In February 1977, Merchants Association initiated a cause in Justice Court, Big Horn County, seeking to collect $855.77 for merchandise allegedly purchased by Genevieve from Montgomery Wards, Inc. Montgomery Wards had assigned the debt to Merchants Association, a collection agency.

The trial of this cause was held in July 1978. The Justice Court entered judgment in favor of Merchants Association for the total sum of $1,067.62, including costs and interest.

In August 1978, Genevieve filed with the Justice Court a notice of appeal to the District Court. Genevieve also filed an affidavit of her inability to provide the undertaking required by section 25-33-201(1) MCA. In October 1978, the Justice Court ordered all pleadings to be transmitted to the District Court. The Justice Court specifically refrained from ruling on the undertaking.

On February 27, 1979, Genevieve moved the District Court for permission to proceed without the required undertaking. Genevieve's motion was denied on March 27, 1979. Genevieve next filed a notice of appeal to this Court. Genevieve also moved the District Court for permission to appeal without prepayment of costs. The District Court denied Genevieve's motion.

On September 13, 1979, we granted Genevieve permission to appeal in forma pauperis. Pursuant to Rule 38, Mont.R.App.Civ.P., the attorney general was notified that the constitutionality of

-2-

a legislative act was drawn into question upon this appeal. The attorney general decided not to intervene. Merchants Association also did not submit a brief.

Genevieve raises three issues upon appeal.

1. Does section 25-33-201(1) MCA, as applied to Genevieve violate the equal protection clause of the Fourteenth Amendment to the United States Constitution by barring an indigent defendant access to the District Court?

2. Does section 25-33-201(1) MCA, as applied to Genevieve violate Art. II, §16 of the new Montana Constitution by barring an indigent defendant access to the District Court?

3. Does section 3-10-202 MCA, violate the due process clauses of the new Montana Constitution and the Fourteenth Amendment to the United States Constitution by denying litigants a hearing before a lawyer-judge?

We will not reach the second and third issues raised by Genevieve. We hold that section 25-33-201(1) MCA, as applied to Genevieve violates her Fourteenth Amendment equal protection rights.

Genevieve asserts that access to the District Court upon appeal from the Justice Court is a fundamental right and cannot be denied absent a compelling state interest. We will not apply the compelling state interest standard here. As applied to Genevieve, section 25-33-201(1) MCA, violates even the lower traditional equal protection test.

The Fourteenth Amendment to the United States Constitution permits Montana a wide scope of discretion in enacting laws which affect some groups of citizens differently from others. Under the traditional equal protection standard, such enactments offend the Fourteenth Amendment only if the classification is arbitrary and rests on grounds wholly irrelevant to the achievement of the State's objective. Habron v. Epstein (D. Md. 1976),

-3-

412 F.Supp. 256, 262. We find such a situation here.

Section 25-33-201(1) MCA, provides as follows:

". . . An appeal from a justice's or city court is not effectual for any purpose unless an undertaking be filed, with two or more sureties, in a sum equal to twice the amount of the judgment, including costs, when the judgment is for the payment of money. The undertaking must be conditioned, when the action is for the recovery of money, that the appellant will pay the amount of the judgment appealed from and all costs if the appeal be withdrawn or dismissed or the amount of any judgment and all costs that may be recovered against him in the action in the district court."

We have searched the legislative history of section 25-33-201 MCA, without success for its objective. The legislative records concerning this statute are, to say the least, incomplete. The statute seems to originate in the Bannack statutes of Montana.

Our research has, however, suggested three possible objectives of the statute. These objectives are to guard the already awarded judgment of the Justice Court, to secure any possible judgment by the District Court and to prevent frivolous appeals.

All are legitimate purposes, but none are effectuated by the double undertaking required by the statute. The required undertaking is completely unrelated to any judgment actually recoverable in either the Justice Court or the District Court. Similarly, while the undertaking may prevent some frivolous appeals, it also prevents meritorious appeals by the poor and does not prevent frivolous appeals by the rich. Lindsey v. Normet (1972), 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36. Under any of the proposed objectives, the statute as applied to Genevieve must fall.

It is true that under the Lindsey statute the appellant automatically forfeited the entire double bond upon losing on the merits in the appellate court; whereas, under section

-4-

25-33-201 MCA, Genevieve would forfeit only the amount of the judgment plus costs upon losing on the merits in the District Court. This distinction is not controlling. Under our statute, Genevieve must still post an undertaking that is completely unrelated to any possible judgment before she can even get her foot in the door.

We note in passing that our decision today should not affect those statutes providing double or treble damages for conduct regarded by the Montana legislature as particularly reprehensible. Such statutes present different considerations than those before us now.

The order of the District Court is reversed. The cause is remanded for further proceedings in accordance with this opinion.

_____
                Justice

We Concur:

_____
          Chief Justice

_____

_____
               Justices

-5-