No. 87-408

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

JAMES W. BALL and DORIS E. BALL,

       Plaintiffs and Respondents,

   -vs-

DONALD GEE a/k/a NORMAN JIMMY NANALOOK,

       Defendant and Appellant.

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Neil Haight, Montana Legal Services, Helena, Montana

    For Respondent:

        Clary & Clary; R.F. Clary, Jr., Great Falls, Montana

    For Amicus Curiae:

        Margaret M. Joyce Johnson and Robert P. Goff, Church,
Harris, Johnson & Williams; Great Falls, Montana

---

Submitted on Briefs: July 21, 1988

Decided: September 27, 1988

Filed: SEP 2 7 1988

_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.


James W. Ball and Doris E. Ball brought an action pursuant to 1985 MCA in the District Court, Eighth Judicial District, Cascade County, to quiet title on real property based on a tax deed they had procured from the County. In the course of the proceedings, the District Court on May 18, 1987 entered an order that Donald Gee, as the true owner [the statute (section 15-18-401(1)(b)(1985), MCA)] describes the record owner of the real property when the taxes become delinquent as the "true owner" to deposit in court the amount of $11,041.43 on or before June 10, 1987. No deposit was made by Gee. On August 6, 1987, the District Court entered its decree quieting title to the real property in James W. Ball and Doris E. Ball (purchasers).

The decree is fixed solely upon the court's finding, under § 15-18-402(1)(1985), MCA, that since Gee had not deposited the amount stated, he is "deemed to have waived any defects in the tax proceedings and any right of redemption, and therefore, irrespective of any irregularities, defects, omissions or total failure to observe any of the provisions of the statute of Montana regarding the assessment, levying of taxes or sale of property for taxes" the purchasers were entitled to a decree quieting their title as against Gee.

Gee has appealed to this Court on the grounds that the purchasers improperly claimed items of costs to preserve the property or to make improvements thereon while in their possession. We agree and reverse and remand for further proceedings.

At all times important here, Gee has been a federal prisoner, incarcerated in a prison outside the state of

2

Montana. He filed by mail on May 18, 1987, his handwritten "Answer to Order to Show Cause" in the District Court. He further filed a written affidavit in support of his answer. In his affidavit he stated that he had a tenant on the property who was supposed to pay the property taxes in place of rent; that the purchasers were aware that he was a prisoner at the U.S. Penitentiary in Marion, Illinois; and that he received no notification of the application for tax deed. He also denied the sum the purchasers claimed for preserving or improving the property.

The answer and affidavit were not accompanied by a filing fee. Gee did not appear in person, nor was he represented by counsel at the May 18, 1987 hearing.

In the course of the May 18 hearing, the District Judge noted that since the filing fee was not paid, there was nothing filed from Gee as of that date, but since Gee was acting pro se, the court would give him the benefit of the doubt. However, the court then stated because the filing fee was not paid the answer would not be considered as filed.

The order to show cause and make a deposit was issued to Gee upon the application of the purchasers, supported by an affidavit of James W. Ball, dated April 29, 1987, that the total of sums reasonably paid by purchasers after the date of the tax deed in preserving the property or making improvements was $4,919.18. However at the show cause hearing of May 18, purchasers claimed $8,158.54 as the amount they had expended in preserving the property or making improvements. The claimed amount was supported by exhibit 1, which Mrs. Ball candidly on testimony at the hearing stated included "a refrigerator and a range for the kitchen, cabinets for the kitchen, carpeting and shower cabinets, toilet, the whole works." The exhibit itself includes items for advertising for an application for tax deed, mailing costs, grass mowing

3

costs, and the cost of a title search for the purposes of the quiet title action. While some of these items might have been recoverable as court costs in the event of an eventual judgment in their favor, they are demonstrably not sums "reasonably paid by the purchaser . . . after three years from the date at the tax sale to preserve the property or to make improvements thereon while in the purchasers' possession." (Section 15-18-401(1)(a)(ii) (1985), MCA.

The provision of § 15-18-401, MCA, that the true owner must deposit sums paid by purchasers to preserve the property or to make improvements thereon after three years from the date of the tax sale, was first enacted in this state as Chapter 85, Law of 1927. The provision was construed in Shull v. Lewis and Clark County (1933), 93 Mont. 408, 19 P.2d 901. There it appeared that the tax purchaser claimed an amount for deposit, a part of which really belonged to the county, and not to the purchaser. The court found that the only amount that the purchaser might lawfully demand to be deposited in court was that amount which he would be entitled to receive in the event the tax deed was set aside. It said:

> . . . whereas here, the order requiring a deposit embraced items which the party demanding the deposit had no right to receive in the event the tax proceedings be set aside, plaintiff may decline to make the deposit and raise the question on an appeal from the judgment entered for default in so doing.

93 Mont. at 418, 19 P.2d at 903.

Moreover, under § 15-18-402(4) (1985), MCA, errors may be reviewed on appeal from a final judgment in a quiet title action based on a tax deed.

On that basis, we reverse the decree of the District Court and remand the cause for further proceedings.

4

Gee filed in the District Court his affidavit to proceed in forma pauperis, which was never acted upon. The District Court felt compelled, because of the mandatory provisions of § 15-18-402, MCA, to enter a decree in the purchasers' favor. When the cause arrived in this Court on appeal, because of the problem created by the pro se appearance of Gee, Montana Legal Services Association procured the services of Margaret M. Joyce Johnson, and Robert P. Goff, of the law firm of Church, Harris, Johnson and Williams in Great Falls to appear and file briefs as amicus for the appellant Gee. The amicus brief raises the question whether the statutory deposit requirement is unconstitutional as applied since it prohibits a defense by an indigent person simply because he or she is unable to meet the deposit requirement and because it extinguishes the indigent person's redemption rights as well as any objections of the true owner to the procedures used to obtain the tax deed. We do not address that problem at this point, because on remand a proper deposit may be made. If the deposit is not made because of indigency, the question of constitutionality of course could be raised in the first instance before the District Court. Moreover, nothing in § 15-18-402 (1985), MCA, forecloses the true owner from cross-claiming against the purchasers for usurpation of possession prior to the expiration of the time of redemption, if such occurred. A purchaser at a tax sale without more has no right of possession to the real property until three years following the date of the sale of the property at the tax sale. Section 15-18-403 (1985), MCA.

Accordingly, the decree quieting title in the purchasers is reversed, and the cause is remanded to the District Court for further proceedings.

5

_____
                John C. Shelby
                  Justice

We Concur:

_____
        R. A. Turnage
        Chief Justice

_____
        L. C. Gulbrandson

_____
        R. C. McDonough

_____
        William E. Hunt
              Justices