No.   89-362

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

JAMES W. BALL and DORIS E. BALL,

Plaintiffs and Respondents,

v.

DONALD GEE, a/k/a
NORMAN JIMMY NANALOOK,

Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

D. Michael Eakin, Billings

For Respondent:

R. F. Clary, Jr., Great Falls

For Amicus Curiae:

Hon. Marc Racicot, Attorney General, Helena

Submitted:   April 17, 1990

Decided:   June 15, 1990

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Donald Gee appeals the summary judgment of the Eighth Judicial District Court, Cascade County, quieting title to disputed residential property in respondents James and Doris Ball. The District Court held that under § 15-18-412(2)(a), MCA, the appellant waived any defects in the tax proceedings and any right of redemption by failing to deposit with the court $11,683.23 in delinquent taxes, interest, penalties, and costs of maintenance and improvements. We reverse and remand.

The appellant has raised the following issues:

1. Does § 25-10-404, MCA, which allows an indigent to present a defense without paying fees or costs, excuse the deposit required by § 15-18-411(1), MCA?

2. Do §§ 15-18-411(1) and -412(2)(a), MCA, deny an indigent due process as guaranteed by U. S. Const. amend. XIV, § 1, and Art. II, § 17, Mont. Const.?

3. Do §§ 15-18-411(1) and -412(2)(a), MCA, deny an indigent equal access to justice in violation of Art. II, § 16, Mont. Const.?

4. Do §§ 15-18-411(1) and -412(2)(a), MCA, deny an indigent equal protection of the law as guaranteed by U. S. Const. amend. XIV, § 1?

The facts of this case are not in dispute. Throughout the proceedings, appellant Gee has been an indigent incarcerated in the

federal penitentiaries at Marion, Illinois, and Leavenworth, Kansas. In 1981 Gee owned a residential property in Great Falls on which he failed to pay state property taxes.

The respondent Balls acquired the property by tax deed in 1986 and filed a complaint against Gee to quiet title. In accordance with the procedures then set out in §§ 15-18-401 and -402, MCA (1985), the District Court held a show cause hearing and ordered Gee to deposit with the court $11,041.43, including $2,039.57 in taxes, interest, and penalties owed by Gee, $843.32 in taxes paid by the Balls, and $8,158.54 in improvement and maintenance costs incurred by the Balls. Gee failed to make the deposit and, as provided in § 15-18-402(1), MCA (1985), thereby waived his right to any defense in the quiet title action. The court entered summary judgment quieting title in favor of the Balls.

Gee appealed that decision. This Court reversed and remanded holding that the required deposit improperly included items not recoverable as maintenance and improvement costs. This Court specifically reserved judgment on the constitutionality of the deposit requirement as applied to the indigent. Ball v. Gee (1988), 234 Mont. 140, 143, 761 P.2d 830, 832.

On remand, the District Court held another show cause hearing and ordered Gee to deposit $11,683.23, including $6,009.79 in taxes, interest, and penalties, and $5,673.44 in repairs and improvements. Gee again failed to make the deposit, and the court

3

entered another summary judgment quieting title in favor of the Balls. Gee now appeals that decision.

Although not a substantive issue on appeal, the parties disagree over which statutes control the proceedings in this case. The 1987 Legislature revised the statutes in question, §§ 15-18-401 and -402, MCA (1985), and recodified them at §§ 15-18-411 and -412, MCA (1987). Act approved April 23, 1987, ch. 587, §§ 24-25, 1987 Mont. Laws 1487, 1499-1501. For the issues presently before this Court, the 1985 and 1987 versions are essentially identical. We therefore rely on the current statutes. Section 15-18-411(1), MCA, provides:

> (1)(a) In an action brought to set aside or annul any tax deed or to determine the rights of a purchaser to real property claimed to have been acquired through tax proceedings or a tax sale, the purchaser, upon filing an affidavit, may obtain from the court an order directed to the person claiming to:
>
> (i) own the property;
>
> (ii) have any interest in or lien upon the property;
>
> (iii) have a right to redeem the property; or
>
> (iv) have rights hostile to the tax title.
>
> (b) The person described in subsections (1)(a)(i) through (1)(a)(iv) is hereafter referred to as the true owner.
>
> (c) The order described in subsection (1)(a) may command the true owner to:

4

(i) deposit with the court for the use of the purchaser:

(A) the amount of all taxes, interest, penalties, and costs that would have accrued if the property had been regularly and legally assessed and taxed as the property of the true owner and was about to be redeemed by the true owner; and

(B) the amount of all sums reasonably paid by the purchaser following the order and after 3 years from the date of the tax sale to preserve the property or to make improvements thereon while in the purchaser's possession, as the total amount of the taxes, interest, penalties, costs, and improvements is alleged by the plaintiff and as must appear in the order; or

(ii) show cause on a date to be fixed in the order, not exceeding 30 days from the date of the order, why such payment should not be made.

Section 15-18-412(2)(a), MCA, provides:

(2)(a) . . . [I]f the amount is not paid within the time fixed by the court, the true owner is considered to have waived any defects in the tax proceedings and any right of redemption. In the event of waiver, the true owner has no claim of any kind against the state or purchaser and a decree must be entered in the action quieting the title of the purchaser as against the true owner.

This case is similar to others in which the courts have considered the effect of the costs of going to court on the rights of the indigent to use the court system. The United States Supreme Court holds that the imposition of filing fees and court costs violates indigents' rights to due process, but only if the fees

5

effectively exclude indigents from the only forum empowered to settle grievances involving interests of basic importance in our society or fundamental rights. Boddie v. Connecticut (1971), 401 U.S. 371, 374, 91 S.Ct. 780, 784, 28 L.Ed.2d 113, 116-17; United States v. Kras (1973), 409 U.S. 434, 445, 93 S.Ct. 631, 638, 34 L.Ed.2d 626, 635-36; Ortwein v. Schwab (1973), 410 U.S. 656, 659, 93 S.Ct. 1172, 1174, 35 L.Ed.2d 572, 575-76.

Similarly, appeal bonds violate indigents' rights to due process if they are not afforded a full and fair opportunity to litigate the issues before a competent court prior to appeal. Lecates v. Justice of Peace Court No. 4 (3rd Cir. 1980), 637 F.2d 898, 911; Oaks v. District Court (D.R.I. 1986), 631 F.Supp. 538, 546; Elam v. Workers' Compensation Court (Okla. 1983), 659 P.2d 938, 940; Delaware Speech and Hearing Center, Inc. v. Lantz (Del.Super. 1985), 490 A.2d 1083, 1085. Even when indigents have been given an acceptable opportunity to litigate the issues in a lower court, an appeal bond is still unconstitutional if it has no rational relationship to any valid state objective and arbitrarily discriminates against indigents. Lindsey v. Normet (1972), 405 U.S. 56, 79, 92 S.Ct. 862, 877, 31 L.Ed.2d 36, 54; Merchants Ass'n v. Conger (1979), 185 Mont. 552, 555, 606 P.2d 125, 126.

As in most other cases considering indigents' filing fees, costs, and appeal bonds, the present appellant contends that the deposit required by § 15-18-411(1), MCA, violates his constitution-

6

al rights to due process, access to the courts, and equal protection. We decline to analyze each of these issues, as the procedural due process requirements of U.S. Const. amend. XIV, § 1, and Art. II, § 17, Mont. Const., are sufficient to answer the present question.

The Fourteenth Amendment to the United States Constitution and Article II, § 17, of the Montana Constitution provide that no person shall be deprived of property without due process of law. For over a century, the United States Supreme Court has consistently held that before a citizen can be deprived of property, procedural due process guarantees that person a right to be notified and a right to be heard. Fuentes v. Shevin (1972), 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556, 569; see also In re K.L.J.K. (1986), 224 Mont. 418, 421, 730 P.2d 1135, 1137. In applying this mandate to conveyances of property by tax deed, this Court holds that a tax deed issued without sufficient notice is void as a violation of the owner's right to due process. Lowery v. Garfield County (1949), 122 Mont. 571, 584, 208 P.2d 478, 485. It is also apparent that in a quiet title action, the state must give the owner an opportunity to be heard. As a right fundamental to due process, the state cannot abrogate that opportunity because of the owner's inability to pay. See Bentley v. Crist (9th Cir. 1972), 469 F.2d 854, 856.

The respondents argue that State ex rel. Souders v. District Court controls the present case. In _Souders_, this Court held that the deposit in tax deed proceedings did not violate Montana's constitutional guarantee of access to the courts. _Souders_ (1932), 92 Mont. 272, 282, 12 P.2d 852, 855. _Souders_, however, is distinguishable from the present case. It contains no indication that the appellant was indigent and, therefore, incapable of paying the deposit and raising his defenses to the quiet title proceedings. Furthermore, in _Souders_ this Court was not asked to consider the requirements of due process.

The respondents also argue that the show cause hearing triggered by the owner's failure to make the deposit gives the appellant a meaningful opportunity to be heard. We disagree. The statute provides that the owner may "show cause . . . why such payment should not be made." Section 15-18-411(1)(c)(ii), MCA. It does not afford an opportunity to present defenses to the quiet title action. The statutes specifically preclude the owner from raising those defenses unless he first makes the deposit. "[I]f the amount is not paid within the time fixed by the court, the true owner is considered to have waived any defects in the tax proceedings and any right of redemption." Section 15-18-412(2)(a), MCA.

The respondents further argue that the appellant suffers no prejudice if he is not allowed to raise his defenses to the tax proceedings. If he cannot afford the deposit, he will lose the

8

property because he can neither afford to pay the taxes and penalties due the state nor afford to reimburse the respondents for the maintenance and improvements. Again, we must disagree. If the appellant successfully contests the tax proceedings, he may gain a valuable property interest which he might sell or mortgage to raise the amounts he owes.

Finally, it is argued that the deposit requirement is constitutionally sound because it is a reasonable means of carrying out the purposes of the quiet title proceedings. The deposit statute encourages prompt return of the property to the tax rolls, Small v. Hull (1934), 96 Mont. 525, 536, 32 P.2d 4, 7, and prevents unjust enrichment of the owner at the expense of the tax purchaser should the owner win, Souders, 92 Mont. at 278-79, 12 P.2d at 854. The deposit also lessens the burden on the courts and the purchasers by precluding frivolous defenses.

All of this may be true, but it is not relevant to the requirements of procedural due process. If the appellant complained only that the deposit violated his rights to access to the courts, equal protection or substantive due process, the reasonableness of the procedure might well settle the issue. As a denial of access to the courts or equal protection, the respondents would at least have to show that the tax deed procedures have a rational basis. Meech v. Hillhaven West, Inc. (Mont. 1989), 776 P.2d 488, 503, 46 St.Rep. 1058, 1077. Similarly, if the appellant alleged

a substantive due process violation, the question would be whether the legislation has a reasonable relation to a proper legislative purpose. In re C.H. (1984), 210 Mont. 184, 194, 683 P.2d 931, 936. If we were asked to determine how much process the appellant was due, we would balance the detriment to the appellant against the interest of the state in the tax deed procedures. M.C. v. Department of Institutions (1984), 211 Mont. 105, 108, 683 P.2d 956, 957-58. These, however, are not the determinative issues. No matter how efficacious the tax deed proceeding may be, it does not dismiss the forthright command of the due process clause; one deprived of his property must be given notice and an opportunity to defend.

The respondents correctly point out that some owners will raise frivolous defenses merely to impose costs on the purchasers and court system. That opportunity for abuse, however, does not overcome the constitutional requirements of due process.

> Where a person has been deprived of property
> in a manner contrary to the most basic tenets
> of due process, it is no answer to say that in
> this particular case due process of law would
> have led to the same result because he had no
> adequate defense upon the merits.

Peralta v. Heights Medical Center, Inc. (1988), 485 U.S. 80, 86-87, 108 S.Ct. 896, 900, 99 L.Ed.2d 75, 82 (citation and quotation omitted). The legislature may adopt reasonable procedural barriers to frivolous defenses to the tax deed proceedings. However,

10

undertakings such as the present deposit which prevent meritorious defenses by the poor are constitutionally infirm. See <u>Lindsey</u>, 405 U.S. at 78-79, 92 S.Ct. at 877, 31 L.Ed.2d at 53-54; Merchants Ass'n v. Conger (1979), 185 Mont. 552, 555, 606 P.2d 125, 126.

"No principle is more vital to the administration of justice than that no man shall be condemned in his person or property without notice, and an opportunity to make his defense." Boswell's Lessee v. Otis (1849), 18 Curtis 168, 171. Under the tax deed proceedings, the indigent is named as a defendant, told that he will lose his property if he does not defend, and then told that he cannot defend because he is poor. The procedure is not only unconstitutional, it is an affront to our sense of justice. We hold that, when applied to indigents, the deposit required by § 15-18-411(1), MCA, and the accompanying waiver of defenses imposed by § 15-18-412(2)(a), MCA, violate the procedural due process requirements of U. S. Const. amend. XIV, § 1, and Art. II, § 17, Mont. Const.

Reversed and remanded.

Chief Justice

11

We concur:

_John Conway Harrison_

_John C. Sheehy_

_William E. Hunt_

_R. C. McDonough_

_Diane G. Barz_

_[signature]_
Justices