No. 90-051

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

CREDIT ASSOCIATES, INC,

    Plaintiff and Respondent,

-vs-

RICHARD E. HARP, SR., and
LAVONNE K. HARP,

    Defendants and Appellants.

FILED

JUN 2 6 1990

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Richard E. and LaVonne K. Harp, Great Falls,
Montana, Pro Se.

    For Respondent:

        Dirk Larsen, Larsen & Neill, Great Falls, Montana


Submitted on Briefs:  May 24, 1990

Decided:  June 26, 1990

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Appellants Richard and LaVonne Harp appeal the order of the District Court of the Eighth Judicial District, Cascade County, dismissing their appeal from justice court for failure to file a proper undertaking on appeal. We reverse and remand.

On June 27, 1989, respondent Credit Associates, Inc., filed suit in the justice court of Great Falls naming the appellants in a case brought for the collection of three claims which had been assigned to the respondent for collection. Those collection claims included claims to recover $98.89 for Columbus Hospital, $85.70 for Dr. Robert E. Wynia and $151.10 for Radiology/Columbus.

Following trial in justice court, a judgment was granted in favor of the respondent on all three claims. The appellants filed an appeal with the District Court but failed to file a proper undertaking on their appeal to the District Court and the District Court thereafter ordered that the appeal from justice court be dismissed. The appellants now appeal to this Court.

The issue on appeal is whether the District Court erred in dismissing the appeal from justice court for the reason that the appellants had failed to file a proper undertaking as required by law.

In support of their arguments, appellants' brief contains various facts which have not been established by the record before us. In the absence of an appropriate record, this Court cannot consider any such alleged facts on an appeal.

Under the provisions of § 25-33-201(1), MCA, the appellants were required to file an undertaking in an amount equal to twice

2

the amount of the judgment including costs. In Merchants Ass'n v. Conger (1979), 185 Mont. 552, 606 P.2d 125, an indigent defendant had appealed from a justice court judgment to the district court. In substance this Court held that under § 25-33-201(1), MCA, a requirement that the appellant must post an undertaking in an amount equal to double the judgment violated the indigent defendant's Fourteenth Amendment rights. From the limited facts available to us, it appears that this decision may be controlling as to the major part of the undertaking.

We therefore reverse the order of the District Court dismissing the appeal and remand the case to the District Court for its determination of the indigency on the part of the appellants and consideration of the law of the case, including our decision in Merchants Association.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices