JUSTICE LEAPHART,
dissenting.
¶22 Isern appeals to this Court asserting that Montana law requires strict compliance with statutory requirements of the code in issuing tax deeds. This Court has reasoned that
[s]trict compliance with the statutes is required because the owner risks losing his or her real property for the failure to pay the property taxes. Often, very valuable property is lost for a mere *468 pittance. ... “The proceedings are to a large extent ex parte, the owner is an unwilling party, is seldom, if ever, present at the sale, is generally ignorant of it, and the tax almost always bears a very small proportion to the value of the property sold. Upon these considerations it has generally been held that proceedings on tax sales should strictly comply with the statute.”
Moran v. Robbin (1993), 261 Mont. 478, 482-83, 863 P.2d 395 (quoting Rush v. Lewis and Clark County (1908), 36 Mont. 566, 569, 93 P. 943, 944). However, this policy must be considered in light of the State’s interest in the effective collection of property taxes.
¶23 As Respondents assert, Montana relies heavily on revenue received from real property tax assessments. This revenue funds public schools, transportation, and other expenditures necessary for effective operation of the county. To invalidate tax deed proceedings on the purely technical grounds asserted by Isern eviscerates the tax deed process and frustrates a county’s ability to obtain necessary operational revenue.
¶24 The statutory procedure drafted by the legislature and set forth in Title 15 seeks to embody the protections of the United States and Montana Constitutions which provide that no person shall be deprived of property without due process of law. U.S. Const. amend. XIV, § 1; Mont. Const. Art. II, Sec. 17. Due Process in the broad sense requires that “one deprived of his property must be given notice and an opportunity to defend.” Ball v. Gee (1990), 243 Mont. 406, 413, 795 P.2d 82, 86. Title 15 sets forth a standard procedure that is designed to assure that a tax deed will not issue unless the property owner has first been afforded due process of law.
¶25 The Court holds that “[w]here ... failure to follow statutory requirements has been clearly established, we must conclude that due process rights have been abridged.” However, I agree with Respondents that, in determining the validity of a tax deed, the ultimate question to be resolved is whether the property owner (Isern) was deprived of his property without due process of law. In other words, did the slight deviations from the Title 15 procedure necessarily deprive Isern of his property without due process of law? In blindly requiring strict compliance, the majority ignores the fact that, despite technical discrepancies, Isern received due process, that is, both notice and an opportunity to defend (to redeem).
¶26 Realizing that the strict compliance rule essentially made the issuance of tax titles impossible thereby hampering the state’s ability *469 to collect taxes, the Supreme Court of Florida responded by characterizing some statutory tax deed provisions as directory and some as obligatory depending on their due process ramifications. See Dawson v. Saada (Fla. 1992), 608 So.2d 806. Likewise, Indiana requires strict compliance with essential procedures, but allows substantial compliance with procedures that do not effect due process rights. See Ind. Code § 6-1.1-25-16 (1997); see also Anton v. Davis (Ind. App. 1995), 656 N.E.2d 1180. This Court, however, has strayed from its holding that “[e]very essential and material step required by the tax deed statutes must be strictly followed,” Moran, 863 P.2d at 398 (emphasis added) (citing Stanford v. Rosebud County (1991), 251 Mont. 128, 134, 822 P.2d 1074, 1077-78), in favor of a rule requiring strict compliance with all steps of the statutory process.
¶27 The Court, in support of its rule of absolute strict compliance, characterizes Tax Lien v. Hall as standing for the proposition that even typographical errors in a document may be sufficient grounds to set aside a resulting tax deed. In Hall, the typographical error was in the description of the property in a published notice. In invoking Hall, the Court fails to acknowledge that Hall was denied notice and thus, due process, because the typographical error made it impossible to identify the property. This is a stark contrast to the present case in which Isern has not alleged prejudice or denial of his right to due process resulting from the “errors” in the tax deed process. He alleges only that Respondents and the county failed to comply with all the technicalities of the tax deed process irrespective of whether they affected his rights to due process.
¶28 This Court has held that a critical element in the process of applying for a tax deed is the giving of notice by the tax deed applicant to the owner of the real property. We have held that “ ‘[t]he giving of notice is jurisdictional; if the legal requirements with respect to notice are not complied with, a county treasurer may not legally issue a tax deed.’ ” Tax Lien v. Hall (1996), 277 Mont. 126, 133, 919 P.2d 396, 400 (quoting Moran, 863 P.2d at 398).[1] Indeed, when this Court has determined that failure to strictly comply with statutory procedures denies a county of juris *470 diction to issue a tax deed, the noncompliance has almost exclusively related to the failure toprovide the property owner with proper notice of her rights.[2]
¶29 The agreed facts in this case indicate that on September 15, 1995, the county, in compliance with § 15-18-212, MCA, sent notice of pending tax deed issuance to Isern via certified mail and also published the notice in the Missoulian. This notice stated that Isem’s 36-month period of redemption had expired, notified Isern that his 60-day period of redemption would expire on November 14,1995 and explained that if Isern failed to redeem the property during that time a tax deed would issue. Isern did not respond to the county’s notice. Isern asserts that this notice was deficient because the county did not send the notice to Isern’s Spokane address. The Court agrees, holding that the county had a duty to go across the hall to the to the county assessor’s office to obtain the Spokane address. However, as set forth below, Isern’s argument should fail as he was not denied notice or due process.
¶30 Summerfield purchased the county’s tax lien on November 20, 1995 (5 days after Isern’s redemption period under the county’s notice expired), and on November 28th Summerfield mailed a new notice of pending tax deed issuance to Isern pursuant to § 15-18-212, MCA. This second notice indicated that Isern had yet another 60 days, until January 30, 1996, to redeem the property. This notice was sent via *471 certified mail addressed to Isern and “occupant” at the address of the subject property in Missoula, to Isern at another listed Missoula address and to Isern’s address in Spokane, Washington. Delivery was attempted three times (December 1, 6, and 16). The letter remained unclaimed and was returned to Summerfield on December 22nd. Isern’s wife, however, acknowledged that she and Isern received post office notification of certified letters at their Spokane residence, but refused to claim them.
¶31 As a result of Isern’s failure to acknowledge service at any address of record, Summerfield also elected to notify Isern of the pending tax deed issuance by publication pursuant to § 15-18-212(5), MCA. On December 1st and 8th she published a further Notice to Interested Parties of Pending Tax Deed Issuance in the Missoulian and filed the additional notice with the clerk on December 29th. As a result of Respondents’ notices of issuance of tax deed (via certified mail and publication), Isern received the benefit of an additional 60-day redemption period. Again, he did not choose to redeem the property. Accordingly, on January 31, 1996, Summerfield submitted her application for tax deed to the county. The treasurer issued a tax deed to Summerfield on February 2, 1996. Respondents and the county followed the essential and material steps in applying for and issuing the tax deed.
¶32 The Respondents argue that the second notice was, in effect, an “abandonment” of the county’s notice and should control in accord with this Court’s decision in Moran. In Moran, the purchaser of a tax deed sent notice via certified mail notifying the owner of the pending tax deed issuance. The purchaser elected also to publish the notice. The second, published notice stated a later redemption date than the first notice. This Court determined that the first, certified mail notice was abandoned and the second, published notice and date of redemption controlled. Moran, 863 P.2d at 399. In the present case, the Court rejects Respondents’ reliance on Moran, stating: “That holding [Moran] does not translate into a blanket removal of the requirement for strict compliance with all tax deed statutes; it relates only to multiple notices with different redemption dates.” I agree with Respondents that, under Moran, the notice providing the more generous redemption date supersedes all prior notices. However, even without Moran, Isern has failed to assert any damage, prejudice or violation of due process as a result of the county’s notice. Even assuming that the county’s notice was deficient, Respondents’ subsequent notice gave Isern an additional 60-day redemption period beyond that provided *472 by the county’s notice. Therefore, I would hold that the Respondents’ notice, sent to three addresses of record and published in the Missoulian, satisfied the requirements of § 15-18-212, MCA, and gave sufficient notice to Isern of his right to redeem the property. Isern has not alleged errors that deprived him of due process of law. He does not contest the fact that Respondents sent him notice of the pending tax deed at his Spokane address and that he had more time than allotted by the county’s notice to redeem the property. He asserts only clerical errors that were not of a jurisdictional nature and did not deny him of notice or an opportunity to defend or redeem.
¶33 The Court has taken the strict compliance analysis to a new level by voiding a tax deed absent any showing of the slightest prejudice or denial of due process of law. The result is that a property owner who shirks his tax obligations and thwarts notice by actively avoiding his certified mail may later reclaim the property by finding any insignificant typographical or clerical error.
¶34 I would affirm the District Court’s holding that the numerous errors cited by Isern were nothing more than insignificant clerical errors and slight procedural deviations which did not deny Isern due process of law.
JUSTICE TRIEWEILER joins in the foregoing dissenting opinion of JUSTICE LEAPHART.

. This is not to say that notice is the only essential and material step in the tax deed process that has due process ramifications. For example, in Ball v. Gee this Court determined that a statutory requirement that property owners make a deposit of back taxes and expenses before asserting their right to quiet title to real property was a violation of their right to due process. Ball v. Gee (1990), 243 Mont. 406, 795 P.2d 82.

. See, e.g., Tax Lien Services v. Hall (1996), 277 Mont. 126, 919 P.2d 396 (the legal requirements for notice were not met in the process of applying for the tax deed, thus the tax deed is null and void); Sanders v. Yellowstone County (1996), 276 Mont. 116, 915 P.2d 196 (county treasurer’s failure to give interested party required notice of tax deed rendered county treasurer without jurisdiction to issue tax deed); Moran v. Robbin (1993), 261 Mont. 478, 863 P.2d 395 (due to the failure to give proper notice, the treasurer was without jurisdiction to issue a tax deed); Stanford v. Rosebud County (1991), 251 Mont. 128, 822 P.2d 1074 (citing several errors including the fact that an affidavit of notice of an application for a tax deed and an affidavit of notice of tax sale were not filed; therefore, the treasurer did not have proof that the owners had been given notice and did not have jurisdiction to issue the tax deed); Hudson v. McDonald (1987), 229 Mont. 426, 747 P.2d 221 (if proper notice of application for tax deed is not given to the owner of the real property, then the time for redemption continues indefinitely); Kahle v. Smithers (1987), 225 Mont. 452, 733 P.2d 844 (Kahle, who was not given service of process in another state was denied notice of her right to redeem the property); Walters v. Kruse (1986), 219 Mont. 386, 712 P.2d 780 (defective notice of application for a tax deed deprives the county treasurer of jurisdiction to issue the tax deed); Anderson v. Richland (1985), 219 Mont. 60, 711 P.2d 784 (tax deed proceeding was void for reasons that clerk and recorder failed to give notice of application for tax deed to owners of the property).