No. 00-085

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 135


RED LODGING and STEVE BURKE,

Plaintiffs, Counter-Defendants

and Respondents,

v.

BARBARA MILLER,

Defendant, Counter-Claimant

and Appellant.


APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Carbon,

Honorable G. Todd Baugh, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Robert L. Stephens, Jr., Southside Law Center, Billings, Montana

For Respondents:

Jeffrey A. Weldon; Moulton, Bellingham, Longo and Mather,

Billings, Montana

Submitted on Briefs: August 31, 2000
Decided: August 1, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Red Lodging and Steve Burke (collectively, Red Lodging) brought suit against Barbara Miller in the Carbon County Justice Court to recover money owed on a residential lease. Miller appealed the Justice Court judgment against her to the Thirteenth Judicial District Court, Carbon County, which dismissed the appeal. Miller appeals and we affirm.

¶2 The issue is whether the District Court erred in dismissing Miller's appeal from the Justice Court.

¶3 On June 4, 1997, Miller entered into a one-year, $600 per month residential lease for a home in Red Lodge, Montana, with Red Lodging, operated by Steve Burke, which acted as agent for the landlord. In November of 1997, however, Miller contacted Red Lodging and advised that she wished to relocate to a larger home. On December 3, 1997, Red Lodging and Miller entered into a written lease agreement for another house in Red Lodge. They verbally agreed that Red Lodging would use its best efforts to secure an alternative tenant for the house Miller vacated and that Miller would help by advertising the house for rent in the local newspaper and showing the house to prospective tenants. She was then to refer any prospective tenants to Red Lodging.

¶4 Although Miller referred prospective tenants to Red Lodging, none qualified through Red Lodging's application process to lease the vacated house. On March 4, 1998, Miller notified Red Lodging that she would no longer pay the rent on the vacated house, and she did not make the March payment. Red Lodging filed a complaint against Miller in Justice Court seeking four months' rent for the balance of the lease and costs. Miller answered the complaint and filed a counterclaim seeking reimbursement for rent she had paid since vacating the house and other damages.

¶5 Within a month after Red Lodging filed its complaint, it entered into a lease agreement with tenants who took possession of the house Miller had vacated. Red Lodging kept Miller's $600 damage deposit as rent for the month of March and dismissed its Justice Court complaint. The Justice Court then held a nonjury trial on Miller's counterclaim, found in favor of Red Lodging, and awarded attorney fees and costs totaling $6,281.90.

¶6 Miller filed a notice of appeal to District Court. She also filed an undertaking on appeal in which she and Jerett Miller pledged money and property in the sum of $12,563.80 and promised to pay, on her behalf, the amount appealed and all costs if the appeal were withdrawn or dismissed, or the amount of any judgment and all costs that might be recovered against her in the action in the District Court.

¶7 Red Lodging moved to dismiss the appeal on grounds Miller had neither filed an undertaking on appeal which met the requirements of § 25-33-201, MCA, nor deposited money in lieu of an undertaking pursuant to § 25-33-205, MCA. Miller responded by asking the court to order Red Lodging to return the money it had by then obtained from executing on its Justice Court judgment and deposit that money with the Clerk of the District Court. Miller proposed to then tender to the District Court an additional $300 to meet the requirements of § 25-33-205, MCA. Under this latter "judgment monies plus $300" approach, she argued that her appeal would be perfected notwithstanding having acted as her own surety. The District Court granted Red Lodging's motion and dismissed Miller's appeal.

¶8 Did the District Court err in dismissing Miller's appeal from the Justice Court?

¶9 The District Court's order dismissing Miller's appeal from the Justice Court did not set forth the court's rationale. It stated only that, "[u]pon motion of [Red Lodging] and for good cause shown," the appeal from the Justice Court was dismissed. Miller's first contentions on appeal are that dismissal of her appeal was improper because she filed a valid undertaking on appeal and Red Lodging's objections to it were untimely.

¶10 The procedure for appeals from justice court to district court is set out at §§ 25-33-101 through -306, MCA. Section 25-33-201, MCA, provides, in relevant part:

> (1) Except as provided in subsection (4) [an exception for indigent appellants], an appeal from a justice's or city court is not effectual for any purpose unless an undertaking be filed, with two or more sureties, in a sum equal to twice the amount

of the judgment, including costs, when the judgment is for the payment of money.

¶11 Red Lodging contends that Miller's undertaking on appeal was deficient and the District Court was without jurisdiction to consider the appeal because Miller's undertaking did not meet the "two or more sureties" requirement of § 25-33-201(1), MCA. Red Lodging is correct.

¶12 A surety is "one who, at the request of another and for the purpose of securing to him a benefit, becomes responsible for the performance by the latter of some act in favor of a third person or hypothecates property as security therefor." Section 28-11-401, MCA. The document filed by Miller, entitled "Undertaking on Appeal," does not meet the statutory requirements of an undertaking because one of the two "sureties" is Miller herself. Under the § 25-11-401, MCA, definition of a surety, one cannot act as a surety for oneself. Thus, Jerett Miller is the only valid surety named in Miller's document. A "singular signature violates 25-33-201, MCA, which clearly requires two or more sureties." *Adams v. Crismore* (1984), 211 Mont. 245, 248, 683 P.2d 497, 499. Consequently, we conclude Miller's undertaking was deficient under § 25-33-201(1), MCA.

¶13 Miller counters that Red Lodging failed to timely object to her undertaking on appeal under § 25-33-203, MCA, which provides that "[t]he adverse party may except to the sufficiency of the sureties within 5 days after the filing of the undertaking[.]" However, the statute on which Miller relies does not apply to the situation before us.

¶14 By its own terms and as interpreted by this Court, § 25-33-203, MCA, relates to the financial sufficiency of sureties. An exception to the "sufficiency of the sureties" refers to their "solvency or pecuniary sufficiency" rather than to their qualifications to act as sureties. *Whitcomb v. Beyerlein* (1929), 84 Mont. 470, 473, 276 P. 430, 431 (citation omitted). Here, Red Lodging's objection to Miller's undertaking challenged her qualifications to act as a surety for herself, not the monetary sufficiency of the undertaking. As a result, we conclude Red Lodging's objection was not required within five days of Miller's filing of her undertaking and, therefore, the objection was timely.

¶15 Miller points out, however, that § 25-33-205, MCA, provides an alternative to filing an undertaking on appeal whereby the appellant deposits with the justice court an amount of money equal to the amount of the judgment plus $300. Pursuant to § 25-33-205, MCA, the justice court then transmits the money to the clerk of district court. Miller argues that because Red Lodging successfully executed on its judgment, she in effect "deposited" that

amount. She contends that her request for return of that amount to the District Court, together with her offer to pay another $300, constituted substantial compliance with § 25-33-205, MCA.

¶16 Section 25-33-205, MCA, explicitly requires that the amount of the judgment plus $300 be deposited with the justice court. Miller's proposal that monies Red Lodging obtained via execution be returned in the future and that she add $300 to that amount in the future does not constitute a deposit. Moreover, an undertaking on appeal-for which the deposit is a substitute-must be filed within ten days after the notice of appeal. Section 25-33-208, MCA. Miller's proposed "substantial compliance," made at the December 10, 1999 hearing, was well beyond the ten days allowed after her August 2, 1999 notice of appeal from the Justice Court. Miller clearly did not fulfill the requirements of § 25-33-205, MCA.

¶17 Finally, Miller asserts the undertaking requirement violates her right to equal protection. She relies on *Merchants Association v. Conger* (1979), 185 Mont. 552, 606 P.2d 125, in support of this position, but her reliance is misplaced.

¶18 In *Merchants*, Conger appealed to this Court from a district court's denial of her request for permission to appeal a justice court judgment without prepaying costs. She raised several constitutional issues, including whether the statutory undertaking requirement violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by barring an indigent defendant access to the district court. *Merchants*, 185 Mont. at 553-54, 606 P.2d at126. We addressed only the equal protection issue, determining that the existing statutory undertaking requirement, as applied to Conger, violated her equal protection rights. *Merchants*, 185 Mont. at 554-55, 606 P.2d at 126.

¶19 After our decision in *Merchants*, the Legislature added subsection (4) to § 25-33-201, MCA, which requires a district court to waive the undertaking requirement upon a determination the appealing party is indigent. *See* 1991 Mont. Laws 63. Thus the basis for *Merchants*'s equal protection decision has been superseded by the legislative action. Moreover, Miller has not alleged in the present case that she is indigent or taken any other steps to avail herself of § 25-33-201(4), MCA. For these reasons, *Merchants* has no application here.

¶20 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER