No. 81-511

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

YELLOWSTONE INVESTMENT AND
DEVELOPMENT CO., INC., and
EDWARD L. BOND,

Plaintiffs and Respondents,

vs.

YELLOWSTONE COUNTY, MEFCO CO.,
RAYMOND WEBER and BERNICE M. FRIEZ,

Defendants and Appellants.

---

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone
Honorable Robert Wilson, Judge presiding.

Counsel of Record:

For Appellants:

Harold F. Hanser, County Attorney, Billings, Montana
Gary E. Wilcox, Billings, Montana
Jones, Jones and Work, Billings, Montana

For Respondents:

Stephens and Cole, Billings, Montana

---

Submitted on briefs: April 15, 1982

Decided: November 24, 1982

Filed: NOV 24 1982

Thomas J. Kearney
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Yellowstone County appeals from a summary judgment entered against it in the District Court, Thirteenth Judicial District, Yellowstone County. The summary judgment determined that certain tax deeds obtained by the county were invalid. We affirm the determination of the District Court.

Edward L. Bond was the record owner of Lots 1, 6, 7 and 8 of Block 4 of Spring Valley Subdivision, Yellowstone County, Montana, in the month of October 1979. Back taxes of $4,338.64 were due for Lot 1, and $4,461.04 for Lot 8. On August 22, 1979, the county clerk of Yellowstone County made written notice of application for tax deed for the lots, which written notice indicated that Bond's right of redemption would expire on October 22, 1979, and that Yellowstone County as purchaser would apply for tax deeds on October 23, 1979.

On August 23, 1979, the county clerk mailed copies of the notice of application for tax deed by certified mail, in separate envelopes, one to Bond, addressed to him at 490 Indian Trail Road, Billings, Montana, and another notice to L. A. Builders, Inc., at 206 N. 29th Street, Billings, Montana. The envelope addressed to L. A. Builders was delivered on August 24, 1979, and the county received a receipt acknowledging the receipt by L. A. Builders, Inc. of the notice. However, the certified mail envelope addressed to Bond at 490 Indian Trail Road was returned "unclaimed" by the post office.

At the same time as the mailings, the county clerk caused publication in the Laurel Outlook, a newspaper published in Laurel, Montana, of a notice of application for tax deed

-2-

against L. A. Builders, Inc. and Edward L. Bond, which written notices were printed and published on August 22 and August 29, 1979.

On October 11, 1979, Edward L. Bond deeded his interest in the real estate here in question to Yellowstone Investment and Development Co., Inc., by filing deeds of record in the office of the county clerk of Yellowstone County.

On October 23, 1979, the county clerk executed a written affidavit and proof of service in connection with the county's application for tax deeds. In the affidavit, the county clerk recited that notice of application for tax deeds was mailed to Edward L. Bond at 490 Indian Trail Road, in Billings, Montana, and that the letter addressed to him had been returned unclaimed. The printed portion of the affidavit recited "that the addresses used in mailing all the above letters are the best and latest addresses obtainable for the said persons, as disclosed by the County records of Yellowstone County, Montana." The printed portion of the affidavit also recited that the post office address of (the addressee's name is left blank) was unknown and that therefore the notice of application for tax deed had been served by publication.

On the same day, October 23, 1979, the county treasurer issued tax deeds to the county for the lots.

On December 20, 1979, Yellowstone County sold its interest in Lot 1 and Lot 8 of Block 4, Spring Valley Subdivision, to Mefco Company, in Billings, Montana.

Yellowstone County on December 19, 1979, also sold Lot 7, Block 4, to Raymond Weber, and Lot 6, Block 4, to Bernice M. Friez.

On January 10, 1980, Bond and Yellowstone Investment and Development Company, as plaintiffs, filed a complaint in

-3-

the District Court of Yellowstone County, attacking the issuance of the tax deeds to the county as invalid, essentially on the ground that the notices of application for tax deeds were insufficient.

Both defendants Weber and Friez did not appear in the action, and eventually default judgment was taken against them. All of the remaining parties moved the District Court for summary judgment.

Each of the parties submitted affidavits in support of their respective motions for summary judgment. Yellowstone and Mefco relied on the affidavits of the county treasurer and the county clerk, who supplied from the records in their offices the written instruments to which we have above referred.

Bond and Yellowstone Investment and Development Co., Inc. in support of their motion for summary judgment, supplied the District Court with copies of their tax statements for 1979, each of which showed that the address of Edward L. Bond was 347 Moccasin Trail in Billings, Montana. Bond and Yellowstone Investment also relied on an affidavit of James L. Carbone, to the effect that he inspected the records in the Yellowstone County clerk and recorder's office of many deeds and mortgages and could not find Bond's address listed; that he had inspected the Yellowstone County treasurer's office for the tax statements for the years 1978 and 1979 and found the address of Edward L. Bond to be 347 Moccasin Trail, Billings, Montana; that he inspected the records of the Yellowstone County assessor's office for 1978 and 1979, where Bond's address was also listed as 347 Moccasin Trail, Billings, Montana.

An affidavit of Robert L. Stevens, Jr., the attorney for the plaintiffs, was also relied on, which essentially

-4-

recited that Bond's Moccasin Trail address was available to the county clerk within a few feet of his office.

Edward L. Bond also supplied to the District Court his affidavit to the effect that he had accidentally discovered the pending application for tax deed in late September or early October, 1979; that he had consulted an attorney and had learned from him that the county could not secure a tax deed until proper notice had been given; that he had gone to the clerk and recorder's office to determine what he must do to remove the property from jeopardy and that the clerk and recorder would not accept tender of the taxes, interest and penalties, but also required the payment in full of all unpaid special improvement district assessments.

On July 22, 1981, the District Court entered an order granting a summary judgment in favor of Bond and Yellowstone Investment and Development Co., Inc. and denying the motion of Mefco Co. for summary judgment.

On August 3, 1981, the District Court entered judgment in favor of the plaintiffs requiring the plaintiffs to tender to the county all real estate taxes, interest and penalties on the property, and that upon the tender and receipt of those moneys, the tax deeds were to be canceled and declared null and void. The default judgment against Weber and Friez was entered at the same time.

Following the judgment, Mefco Co. and Yellowstone County moved the District Court for a new trial. In support of their motion for a new trial, they provided the District Court with copies of three deeds dated October 11, 1979, between Edward L. Bond, as grantor and Yellowstone Investment and Development Co., Inc. as grantee, relating to properties other than those involved in the tax deeds, in which deeds

-5-

the address of Edward L. Bond is shown to be 490 Indian Trail, Billings, Montana. The attorney for Bond presented the District Court with a counteraffidavit to the effect that the Indian Trail address was Bond's address when the deeds were prepared in the early summer of 1979, and not when the deeds were filed in October of 1979.

The District Court denied the motion for new trial. Yellowstone County only appeals from the judgment and the denial of the motion for new trial.

On appellate review of the validity of tax deeds, certain rules guide us. Notice of application of tax deed to the owner, whether by mail or publication, is jurisdictional to the validity of the tax deed. Sanborn v. Lewis and Clark County (1941), 113 Mont. 1, 120 P.2d 567. Service by publication of a notice of application for tax deed is valid only when the address of the owner is unknown. Section 15-18-202(3), MCA. Every statutory step in the application for a tax deed must be fully complied with. Perry v. Maves (1951), 125 Mont. 215, 233 P.2d 820; King v. Rosebud County (1981), ___ Mont. ____, 631 P.2d 711. The requirement that notice for application be given applies to counties applying for tax deeds. In Lowery v. Garfield County (1949), 122 Mont. 571, 580, 208 P.2d 478, we said:

> "The statute requiring what notice shall be given and the filing of the affidavit are a limitation upon the power of the county treasurer to issue the tax deed and render void any deed issued by him unless and until the statutory requirements have been fully complied with. His authority to execute the deed must be shown in and appear upon the face of the affidavit. The giving of the notice is jurisdictional and unless the requirement of the law in respect to such notice is complied with and that fact established by the affidavit filed with the county treasurer, the tax deed may not legally issue. The validity of the tax deed depends upon compliance with the statute authorizing its issuance and a tax deed issued by the county treasurer is void where the notice required by the statute is not given. (Citing cases.)"

Section 15-18-202(2), MCA, provides that a written notice of application for tax deed shall be given to the owner by registered or certified letter addressed to him at the post office address of said owner "as disclosed by the mortgage records in the office of the county clerk and recorder." Here the affidavit of Carbone establishes that there was no post office address for Bond listed on any mortgage on file in the county clerk's office. The records in the county treasurer's office and the county assessor's office show Bond as residing at 347 Moccasin Road. His assessment notices and tax notices for the years in question were mailed to him at that address. The county contends, however, that the county clerk, when he made his affidavit on October 23, 1979, for the issuance of the tax deeds, could rely on the deeds which were filed on October 11, 1979, and upon the Polk's Billings City Directory, each of which showed Bond's address to be 490 Indian Trail. Aside from the fact that the October 11, 1979 deeds and the material from Polk's Billings City Directory were not presented to the District Court until motion was made for new trial, there is nothing in the record, either at the time of summary judgment, or at the denial of the motion for new trial to refute that the post office address of Bond on August 22 and 23, 1979, was on Moccasin Road. If that were not the true address of Bond on August 22 or 23, 1979, it was the duty of the county, when the motions for summary judgment were pending, to raise or demonstrate the existence of a genuine issue of material fact. The District Court is not required to anticipate proof to establish a material substantive issue of fact. Larry C. Iverson v. Bouma (1981), ___ Mont. ___, 639 P.2d

47, 38 St.Rep. 1911; State ex rel. Burlington Northern v. District Court (1972), 159 Mont. 295, 496 P.2d 1152.

The county also contends that since the letter to Bond was returned unclaimed, his address then became "unknown" and therefore service by publication was allowed. Here the record before the District Court at the time of the summary judgment showed that the Indian Trail address was not Bond's post office address at that time. The return of the letter unclaimed is not a sufficient ground upon which the county could rely to contend that Bond's address was "unknown" even though the affidavit and proof of service submitted by the county clerk to the county treasurer for the issuance of the tax deeds recites that the addresses used in mailing the letters were the "best and latest addresses obtainable for said persons, as disclosed by the county records of Yellowstone County, Montana." This obviously was not the case, for the records of the county treasurer and the county assessor each showed Bond's true post office address on the date of the mailing of the notice. The publication, therefore, of the notice of application for tax deed by the county can have no legal effect here. The conclusion recited by the county clerk in his affidavit that Bond's post office address was unknown is obviously not in accord with easily ascertainable facts.

However, the county also contends that under Bond's affidavit, he had actual notice of the pending tax title proceedings, and therefore any invalidity of the service of notice upon him does not disturb the legal effect of the tax deeds issued by the county. That contention overlooks the specific jurisdictional provisions of section 15-18-202(2), MCA, that notice be delivered to the owner by registered or certified mail where his post office address is known, and

-8-

that until such service has been made to a known post office address, under section 15-18-202(1), MCA, the owner of the property has the right of redemption indefinitely "until such notice has been given." The abortive attempt by the county to serve Bond by mail at 490 Indian Trail did not, and has not yet, foreclosed Bond's right to redeem the real property.

When the District Court granted summary judgment in this case, the record before it, based on the affidavits and other materials submitted, was clear that the post office address of Bond was 347 Moccasin Road and not at 490 Indian Trail at the time of notice and application for tax deed. It was not until the parties moved for a new trial after the summary judgment that the deeds of October 11, 1979, and the material in Polk's Billings City Directory were presented to the court. In making their motion for a new trial, the county did not contend that the new material was "newly discovered evidence" as the basis for its motion. If it had, because the "new evidence" was at all times available to the county, and perhaps in its possession, the motion for the new evidence would have to be denied on that ground. Kartes v. Kartes (1977), 175 Mont. 210, 573 P.2d 191. Moreover, the county does not contend, even now, that there was a fact issue as to the true post office address of Bond. The county relies on its contention that the Indian Trail address was the proper address for service of the notice based on the record as we have shown it here. On that ground, the county cannot prevail.

Accordingly, the summary judgment granted by the District Court is affirmed.

John C. Sheehy
_____
Justice

-9-

We Concur:

_Gene B. Daly_

_John Conway Harrison_

_Frank B. Morrison_

_____
Justices