No. 84-511

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

JAMES B. WALTERS,

        Plaintiff and Appellant,

  -vs-

HAROLD V. KRUSE and NAOMI
J. KRUSE, Husband and Wife,
   and
ROBERT M. WILLETT, BRUCE MICHEL
ROBERTS,
   and
All other Persons claiming interest
in described real property,

        Defendants and Respondents.

------------------------------

KRIS ROBERT HIRT,

        Intervenor and Respondent,

  -vs-

JAMES B. WALTERS, LEE McDONALD
and RICK HILDEBRAND AND SANDY
HILDEBRAND, Husband and Wife,

        Defendants and Appellants.

_____

APPEAL FROM: District Court of the Nineteenth Judicial District,
        In and for the County of Lincoln,
        The Honorable Robert M. Holter, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Sverdrup & Spencer, Libby, Montana
        Fennessy, Crocker & Allen, Libby, Montana

    For Respondents:

        Allen L. McAlear, Bozeman, Montana

_____

Submitted on Briefs: May 9, 1985

Decided: January 8, 1986

Filed: JAN 8 - 1986

*Ethel M. Harrison*

Clerk

Mr. Justice William E. Hunt, Sr. delivered the Opinion of the Court.

The appellant, James Walters, brought a quiet title action in April 1981 in Lincoln County District Court. The named defendants made no appearance and the District Court ordered title quieted in appellant Walters on June 8, 1981. In February 1983, the respondent, Kris Hirt, filed a motion and action to set aside that decree. The District Court ordered the decree set aside and the parties then proceeded on the original quiet title action as if an appearance had been made. The District Court quieted title in the respondent, Kris Roberts Hirt. This appeal followed.

We affirm.

The issues presented for review are:

1. Whether the District Court erred in setting aside the quiet title decree.

2. Whether there was evidence of fraud sufficient to allow the quiet title decree to be set aside.

3. Whether a diligent search was performed in accordance with Rule 4D(5), M.R.Civ.P.

The first issue is whether the District Court erred in setting aside the quiet title decree. Our discussion of this issue controls and renders a discussion of the remaining issues unnecessary.

This matter concerns a two parcel tract of real property located in Lincoln County, Montana. In 1958, Harold and Naomi Kruse purchased the property from Forrest and Vera Sund. The deed was recorded in Lincoln County.

In 1972, the Kruses sold the property by contract for deed to Robert Willett. The contract was held in escrow in

Bonners Ferry, Idaho. The contract made no provision for payment of taxes. In 1973, Willett assigned the contract to Bruce and Kris Roberts. The Roberts' marriage was dissolved and as part of the divorce settlement Bruce assigned his interest to Kris in December 1974, and then executed a quit claim deed to her in August 1975. Kris is now Kris Hirt, respondent. There was no notice of any of these transactions recorded in Lincoln County where the land is located.

Lincoln County continued to assess taxes on the property to the Kruses as record owners. The 1976 taxes were not paid and in July 1977, the property was offered for public tax sale. No bid was received on the property and Lincoln County became the purchaser.

In January 1980, Lee McDonald purchased the property from Lincoln County via a tax deed procedure. The tax deed contained an incorrect and incomplete description. In February 1981, the appellant, James Walters, purchased the property from McDonald. Walters recorded his deed.

In April 1981, Walters filed a complaint to quiet title to the property. He named as defendants in that action the Kruses, Willett, Bruce Roberts, and "all other persons, unknown."

On June 8, 1981, the District Court, having determined that the defendants had been duly served, yet failed to appear and were in default, and having determined that proof to the satisfaction of the court having been made, ordered title quieted in the appellant. Appellant, Walters, then conveyed two parcels to Rick and Sandy Hildebrand. That deed was recorded in October 1981. In the meantime the respondent, Kris Hirt, had been paying on her contract held in escrow in the Idaho bank. The respondent believed that

the escrow arrangement included payment of taxes. In September 1982, respondent's friend who lived next to the property advised her that someone was living and building on the property.

In February 1983, Kris Hirt filed consolidated motions to set aside her default and to intervene in the original quiet title action, a third party complaint on quiet title, and an action to set aside the tax deed. She alleged that the tax sale and subsequent transfers were void for irregularities including lack of definite description, failure to give proper notice, fraud on the court, and failure to use proper tax deed procedure. She named the appellant, his predecessor, McDonald, and the Hildebrands as defendants.

In November 1983, the District Court set aside its June 1981, decree that had quieted title in the appellant. Appellant, Walters, then moved to set aside this judgment in favor of the respondent, Hirt. This motion was denied. The appellant then filed an amended complaint and the matter went to trial. In July 1984, the District Court issued findings of fact and conclusions of law. The court found that Lincoln County did not have jurisdiction to issue a tax deed because the notice was materially defective in stating the amount due and in setting forth the description. As a result of the defects, the court found that Kris Roberts did not lose her right to redeem the property by payment of delinquent taxes and that upon payment of those taxes she should have the title quieted in her favor on the land not previously conveyed to the Hildebrands.

As to the land conveyed to the Hildebrands, the court found that title should remain in the Hildebrands as bona

- 4 -

fide purchasers for value, but that the appellant Walters should pay Hirt for the property he had conveyed to them. Judgment was entered quieting title in the respondent subject to the Hildebrand's or appellant's right to redeem by paying the respondent for the parcel upon which the Hildebrands had constructed buildings. Both the appellants and Hildebrands appealed. Subsequently the Hildebrands settled their dispute and dismissed their appeal.

The first issue we must decide is whether the District Court erred in setting aside the quiet title decree.

The respondent, in her consolidated motion and action to set aside the quiet title decree, also challenged the underlying tax deed procedure under which McDonald, appellant's predecessor in title, claimed his interest. However, as the District Court found, the description of property claimed under the tax deed procedure was so deficient that there could be no valid transfer of any interest under any kind of action. The notice published in the tax deed procedure referred to Section 25 and not to Section 26, the section in which the land lies. In addition the description referred to a "Tract 1" in H.E.S. 735--there is no Tract 1 in H.E.S. 735. To compound the difficulty in locating the land, the description did not indicate north or south for the township, or east or west for the range.

We agree with the District Court that the notice of application for tax deed was so vague, incomplete and erroneous that it does not adequately identify the land and is therefore fatally defective. Yetter v. Gallatin County (Mont. 1982), 645 P.2d 941, 942, 39 St.Rep. 905, 907.

Defective notice of application for a tax deed deprives the county treasurer of jurisdiction to issue the tax deed.

Edwards v. Walters (Mont. 1983), 664 P.2d 932, 937, 40 St.Rep. 914, 921. Because no valid tax deed has been issued respondent's right to redeem the property has not terminated. Section 15-18-101, MCA.

Because of our holding as to the first issue it is not necessary to discuss the second and third issues.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices