No. 95-408

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

FILED

APR 16 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

JEFFREY SANDERS,

       Plaintiff and Appellant,

   v.

YELLOWSTONE COUNTY (a Political Subdivision
of the State of Montana) and GAUGERS SALES
CORP. (a Montana corporation),

       Defendants and Respondents.
* * * * * * * * * * * * * * * * * * * * * * * *
GAUGERS SALES CORP. (a Montana corporation),

       Cross-Plaintiff,

   v.

JEFFREY SANDERS,

       Cross-Defendant.
* * * * * * * * * * * * * * * * * * * * * * * *
GAUGERS SALES CORP. (a Montana corporation),

       Cross-Plaintiff,

   v.

YELLOWSTONE COUNTY (a political Subdivision
of the State of Montana),

       Cross-Defendant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone,
              The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           Peter T. Stanley, Billings, Montana

For Respondent:

Dennis Paxinos, County Attorney; Brent Brooks,
Deputy County Attorney, Billings, Montana

Carol Hardy, Pedersen & Hardy, Billings, Montana

Submitted on Briefs: March 7, 1996

Decided: April 16, 1996

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Jeffrey Sanders (Sanders) appeals from the decision of the Thirteenth Judicial District Court, Yellowstone County, granting Gaugers Sales Corp.'s (Gaugers) and Yellowstone County's motions for summary judgment in this quiet title action. We reverse.

We find the following issues dispositive on appeal:

1. Did Sanders have standing to institute this quiet title action?

2. Did the Yellowstone County Treasurer have jurisdiction to issue a tax deed on August 3, 1992, to Yellowstone County for Lot 7C, Block 8 in Emerald Hills Subdivision?

The subject property was sold by Emerald Hills Development Company (EHDC) on a 1977 contract for deed. The buyers thereafter in 1979 assigned their interest in the contract to Thomas E. Hannah and others. The contract has never been terminated. In 1980, EHDC quitclaimed its interest in the property, subject to the Thomas E. Hannah buyer's interest in the 1977 contract, to Kenneth and Mary McKenzie. Following a series of additional conveyances, the EHDC interest was conveyed in April of 1993 to appellant Jeffrey Sanders.

In 1989 Yellowstone County received a Tax Sale Certificate to the subject property. On August 3, 1992, the Yellowstone County Treasurer issued a tax deed for the property to Yellowstone County. On December 9, 1992, Yellowstone County sold the property on contract to Gaugers.

In April of 1993, as stated above, appellant Jeffrey Sanders by conveyance received title to the property subject to the interest of Thomas E. Hannah under the 1979 assignment of the

contract for deed. On November 30, 1993, Sanders instituted this quiet title action, arguing that the Yellowstone County Treasurer was without jurisdiction to issue the tax deed to Yellowstone County because the notice requirements of §§ 15-18-111 and -212, MCA, had not been met. Gaugers subsequently acquired and recorded a quitclaim deed from Thomas E. Hannah

Yellowstone County properly notified Sanders' predecessor in interest of the pending issuance of a tax deed. Yellowstone County did not notify Thomas E. Hannah of its intent to issue a tax deed. The published notice likewise did not list Thomas E. Hannah as an interested party. It is undisputed that, at the time notice was given, Thomas E. Hannah was an interested party as defined in § 15-18-111, MCA, and was entitled to notice under § 15-18-212, MCA.

The case was submitted to the District Court on cross-motions for summary judgment. The court granted Yellowstone County's and Gaugers' motions for summary judgment and denied Sanders' motion for summary judgment. The court's decision was based on Sanders' lack of standing to challenge the issuance of the tax deed.

Issue 1

Did Sanders have standing to institute this quiet title action?

Section 70-28-101, MCA, provides that a quiet title action may be brought

> by any person or persons, whether in actual possession or
> not, claiming title to real estate against any person or
> persons, both known and unknown, who claim or may claim
> any right, title, estate, or interest therein or lien or
> encumbrance thereon adverse to plaintiff's ownership or
> any cloud upon plaintiff's title thereto, whether such
> claim or possible claim be present or contingent,

4

> including any claim or possible claim of dower, inchoate
> or accrued, for the purpose of determining such claim or
> possible claim and quieting the title to said real
> estate.

Sanders meets the criteria set forth in this section, as he is a person claiming title to real estate against another person (Gaugers) who claims an interest adverse to his own. Sanders alleges, in essence, that Gaugers' adverse claim of title was acquired via tax deed proceedings which were defective and which, as a result, divested the Yellowstone County Treasurer of jurisdiction to issue the tax deed.

In addition to being a party entitled to bring a quiet title action, however, Sanders must establish standing to challenge the tax deed proceeding. This Court has determined that the following criteria must be satisfied to establish standing:

> (1) The complaining party must clearly allege past,
> present or threatened injury to a property or civil
> right; and (2) the alleged injury must be distinguishable
> from the injury to the public generally, but the injury
> need not be exclusive to the complaining party.

Stewart v. Bd. of Cty. Com'rs of Big Horn Cty. (1977), 175 Mont. 197, 201, 573 P.2d 184, 186.

In this quiet title action, Sanders has alleged a present injury to a property right. Sanders maintains that Gaugers' asserted interest, allegedly acquired via defective proceedings which rendered Gaugers' tax deed void, is a cloud on his title. This allegation is clearly personal to himself, as opposed to an injury to the public in general. See Stewart, 573 P.2d at 186. Thus, Sanders meets the standing criteria.

5

Contrary to the allegations raised in the dissent, no Montana statute or case law requires Sanders to have an interest in the subject property at the time of the issuance of the tax deed in order to institute a quiet title action. The cases cited by the dissent are clearly distinguishable in that Utah's statutory scheme provides a clearly defined statute of limitations. The dissent's concern over the lack of finality in tax deed cases is well taken; however, it is not the role of this Court to create such finality absent specific statutory authority.

Although Sanders did not have an interest in the property when the treasurer issued the tax deed, he later received a quit claim deed to the property. It is this purported interest Sanders now seeks to protect.

We note that the application of the Stewart standing criteria in this case produces a different result on the standing issue than we reached in Bowen v. McDonald (Mont. 1995) ____ P.2d ____, 53 St.Rep. ____ (Cause No. 95-193, decided April 16, 1996). The difference arises from the different natures of the two actions--in Bowen, the sole basis for standing was the claimed statutory right to redeem; here, the basis for standing is the quiet title statute, § 70-28-101, MCA. We hold that the District Court erred in concluding that Sanders lacked standing to institute this quiet title action.

### Issue 2

Did the Yellowstone County Treasurer have jurisdiction to issue a tax deed on August 3, 1992, to Yellowstone County for Lot 7C, Block 8 in Emerald Hills Subdivision?

We review a district court's grant of summary judgment using the same standard utilized by the district court. Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Bruner v. Yellowstone County (1995), 272 Mont. 261, 264, 900 P.2d 901, 903.

Sanders argues that the Yellowstone County Treasurer did not have jurisdiction to issue the tax deed. The parties in their Statement of Agreed Facts (SAF) agreed that Thomas E. Hannah was an interested party, entitled to notice prior to the issuance of the tax deed. The parties in their SAF agreed that Yellowstone County failed to notify Thomas E. Hannah. Sanders argues that because Yellowstone County failed to notify Thomas E. Hannah of the impending issuance of the tax deed, the treasurer was without jurisdiction to issue a tax deed.

The notice requirements prior to the issuance of a tax deed, § 15-18-212, MCA, state:

> (1) Not more than 60 days prior to and not more than 60 days following the expiration of the redemption period provided in 15-18-111, a notice must be given as follows:
>
> (a) for each property for which there has been issued to the county a tax sale certificate or for which the county is otherwise listed as the purchaser or assignee, the county clerk shall notify all persons considered interested parties in the property and the current occupant of the property, if any, that a tax deed may be issued to the county unless the property tax lien is redeemed prior to the expiration date of the redemption period .

7

(4) The notice required under subsections (1) and (2) must be made by certified mail, return receipt requested, to each interested party and the current occupant, if any, of the property. The address to which the notice must be sent is, for each interested party, the address disclosed by the records in the office of the county clerk and, for the occupant, the street address or other known address of the subject property.

Subsection (5) sets forth the specific publication requirements when the address of the interested party is not known. Section 15-18-212(5), MCA

Section 15-18-111(3), MCA, defines "interested party" for use in this part, as any

mortgagee, vendor of a contract for deed or the vendor's successor in interest, lienholder, or other person who has a properly recorded interest in the property.

Thomas E. Hannah was an assignee of the 1977 contract for deed to the property and was an interested party under this section. Yellowstone County and Gaugers agreed that Thomas E. Hannah was an interested party in the SAF. Statement of Agreed Fact No. 18 reads:

Yellowstone County failed to send notice of its intent to issue a tax deed to Thomas E. Hannah. The published notice did not set forth the name of Thomas E. Hannah. At the time the notice of issuance was given and at the time the tax deed was issued Thomas E. Hannah was an interested person, entitled to notice of sale. A title report issued to the county indicated that Thomas E. Hannah was one of the record holders of the vendees interest in the property.

Clearly, the law required Yellowstone County to notify Thomas E. Hannah of the impending issuance of the tax deed. The required notice was not given in this case.

We have recently held that failure to strictly comply with the statutory notice requirements for the issuance of a tax deed

8

results in the treasurer being without jurisdiction to issue a tax deed. Moran v. Robbin (1993), 261 Mont. 478, 483, 863 P.2d 395, 400. In Moran, the property owners challenged the sufficiency of notice given pursuant to § 15-18-212, MCA. Due to the failure to give proper notice as required by § 15-18-212, MCA, we concluded that the treasurer was without jurisdiction to issue a tax deed. Moran, 863 P.2d at 400. In reversing the district court, we stated:

> Every essential and material step required by the tax deed statutes must be strictly followed. [Citation omitted.]
>
> A critical element in the process of applying for a tax deed requires the giving of notice by the tax deed applicant to the owner of the real property. The giving of notice is jurisdictional; if the legal requirements with respect to notice are not complied with, a county treasurer may not legally issue a tax deed. [Citation omitted.] A tax deed issued without the required proof of notice is void. [Citation omitted.]
>
> [T]he giving of notice is jurisdictional, and unless the statutory requirements with respect to such notice are met, a tax deed may not issue.

Moran, 863 P.2d at 398-99 (emphasis added). We went on to hold that because the treasurer acted without jurisdiction, the deed was "void ab initio." Moran, 863 P.2d at 400.

In the present case, Yellowstone County and Gaugers admitted in the Statement of Agreed Facts that notice was not given to Thomas E. Hannah, an interested party, as required by § 15-18-212, MCA. Because the requirements of § 15-18-212, MCA, were not met, the treasurer did not have jurisdiction to issue the deed and the deed is therefore void ab initio.

9

We conclude that the District Court erred in determining that Sanders did not have standing to challenge the issuance of the tax deed. Sanders properly instituted this quiet title action. We hold that because the notice requirements of § 15-18-212, MCA, were not satisfied, the Yellowstone County Treasurer did not have jurisdiction to issue a tax deed for the Thomas E. Hannah interest in the subject property and the tax deed issued was void ab initio.

We reverse the decision of the District Court granting Yellowstone County's and Gaugers' motions for summary judgment.

_____
                Chief Justice

We concur:

_____

_____

_____
        Justices

10

Justice W. William Leaphart, dissenting.

I dissent. I would affirm the District Court's holding that Sanders did not have the requisite standing to question the lack of notice to Hannah. The Court voids the tax deed to Gaugers for the reason that the County Treasurer failed to give notice to an interested party, Hannah, as required by § 15-18-212, MCA. The party raising this lack of notice is Sanders. Since Sanders did not acquire an interest in the property until after the tax deed was issued and was not the party who was deprived of the requisite notice, the question arises: "does Sanders have standing to assert Hannah's right to receive notice?"

Sanders does not argue that he has suffered any deprivation of due process because of the lack of notice. Rather, he seeks to advance his claim to the property by asserting a third party's constitutional right to notice. "[T]he general rule is that 'a litigant may only assert his own constitutional rights or immunities.'" McGowan v. Maryland (1961), 366 U.S. 420, 429, 81 S.Ct. 1101, 1107, 6 L.Ed.2d 393, 401 (quoting United States v. Raines (1960), 362 U.S. 17, 22, 80 S.Ct. 519, 523, 4 L.Ed.2d 524); see also Olson v. Department of Revenue (1986), 223 Mont. 464, 470, 726 P.2d 1162, 1166; Montana Human Rights v. City of Billings (1982), 199 Mont. 434, 443, 649 P.2d 1283, 1288; State v. Kirkland (1979), 184 Mont. 229, 235, 602 P.2d 586, 590.

The Tenth Circuit Court of Appeals addressed a similar issue in Kemmerer Coal Co. v. Brigham Young Univ. (10th Cir. 1983), 723 F.2d 54. Kemmerer was a quiet title action filed by Brigham Young University (B.Y.U.) to quiet title to certain property to which it

11

had obtained title through tax deeds. Under Utah's statute of limitations, a challenge to a tax deed must be filed within four years of the date of the tax deed. B.Y.U. contended that, in light of this four-year limitation, Kemmerer was barred from challenging the validity of the tax deed some 20 years after the tax sale. Kemmerer contended that the tax deed was void for lack of due process since Kemmerer's predecessor in interest (San Rafael) received no notice of the tax sale even though there was no question but that San Rafael was the true owner at the time of the sale. The Tenth Circuit held that Kemmerer did not have standing to assert San Rafael's deprivation of due process.

> Kemmerer itself has suffered no due process injury. If a constitutional violation occurred, it was the taking of San Rafael's property without due process. Kemmerer thus seeks to advance its claim by asserting a third-party's constitutional rights. "[T]he general rule is that 'a litigant may only assert his own constitutional rights or immunities."' [Citations omitted.] This rule has been applied to bar a grantee's assertion that its grantor's due process rights were violated. <u>See</u> Hewitt v. Glaser Land & Livestock Co., 97 Nev. 207, 626 P.2d 268 (1981); *accord* United States v. Haddon, 550 F.2d 677, 681 (1st Cir. 1977).

<u>Kemmerer,</u> *723 F.2d* at 57. The court concluded that:

> While it may have been "repugnant to fundamental fairness," Frederiksen [v. LaFleur (Utah 1981)], 632 P.2d [827,] at 831 n.14, to deprive San Rafael of its property without proper notice, we do not believe it fundamentally unfair to apply the statute of limitations to Kemmerer who bought the coal lands in the face of record notice of a rival claim to "underground rights."

<u>Kemmerer,</u> *723 F.2d* at 57-58.

The Supreme Court of Utah, in Shelledy v. Lore (Utah 1992), *836 P.2d 786, cert. denied,* 506 U.S. 1022, followed the Tenth Circuit's reasoning in <u>Kemmerer.</u> In the Utah case, Shelledy had purchased the property in question from the Small Business

12

Administration (SBA) He then filed a quiet title **action against** parties who claimed title under a tax deed issued by the county at a tax sale.  Shelledy argued that the SBA, as a federal agency, was entitled to full sovereign immunity and that this immunity barred the county's attempt to enforce the tax lien.  The court observed that, although the SBA may have been able to avoid the tax sale on the basis of its immunity, it did not do so and it no longer has an interest in the property.  Shelledv, 836 P.2d at 789.  The court then rejected Shelledy's attempt to assert the SBA's immunity from taxation, concluding that:

> When Shelledy purchased the property from the SBA in 1988, he was on record notice of defendants' rival claim to the property by virtue of the 1984 tax deed. Therefore, we hold that Shelledy lacks standing to assert the SBA's constitutional rights and defense.

Shelledv, 836 P.2d at 790.

In the present case, Sanders' claim of standing is even less colorable than Kemmerer's or Shelledy's.  Subsequent to the 1992 tax deed, Sanders purchased the property in 1993.  Thus, like Kemmerer and Shelledy, Sanders purchased the property with notice of a rival claim by virtue of the earlier tax deed.  However, unlike Kemmerer and Shelledy, who purported to assert the due process rights of their predecessors in interest, Sanders attempts to assert the due process rights of a complete stranger to his chain of title.  Hannah is not Sanders' predecessor in interest nor are they in privity with one another.  Rather, Hannah stood in the shoes of the purchaser under a contract for deed while Sanders traced his claim to the seller's interest.

The Court, in allowing Sanders to successfully challenge the

13

tax deed through asserting the rights of third parties, has undermined any finality that would normally attach to a tax deed by virtue of the statute of limitations. As the Kemmerer facts illustrate, if parties such as Sanders or Kemmerer can successfully argue that a tax deed is void *ab initio* due to lack of notice to a third party, then the statute of limitations for such challenges becomes meaningless.

Under the holding of this case, there is no reason why someone, whose only connection with the property is idle curiosity, cannot search the public records in hope of unearthing a failure to give proper statutory notice to an interested party and threaten to have the tax deed declared void *ab initio*.

_____
Justice/

Justice Terry N. Trieweiler joins in the foregoing dissent of Justice W. William Leaphart.

_____
Justice

14