DA 09-0033

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 330

BRADLEY J. CERTAIN,

      Plaintiff and Appellee,

  v.

TERRY LYNN TONN, aka TERRY LYNN CHAVEZ
and GEORGE CHAVEZ,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Custer, Cause No. DV 07-183
Honorable Gary L. Day, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Peter T. Stanley; Attorney at Law; Billings, Montana

      For Appellee:

          James T. Carr; Carr Law Firm, P.C.; Miles City, Montana

Submitted on Briefs:  August 5, 2009

Decided:  October 13, 2009

Filed:

_____
                Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    George Chavez (Chavez) and Terry Lynn Chavez, aka Terry Lynn Tonn, (Terry) appeal the judgment of the Sixteenth Judicial District Court, Custer County, granting summary judgment to Bradley J. Certain (Certain).

¶2    Chavez and Terry present two issues on appeal.  Because we reverse the District Court's determination that notice was not required to be given to Chavez, which is dispositive, we will not address the second issue.  Thus, we restate the issue as follows:

¶3    Did the District Court err by concluding that an occupant of the property was not entitled to notice prior to the issuance of a tax deed?

## PROCEDURAL AND FACTUAL BACKGROUND

¶4    Terry and her brother, Theodore Dana Tonn (Theodore), each took an undivided one-half interest as tenants in common for property located on Lots 18, 19, and 20 in Block 6 of the Leighton and Garlock's Addition to the City of Miles City, Montana (the Property).  Both Terry and Theodore received their interests in the Property by deed of distribution in 1985 from the personal representative of the Estate of Theodore A. Tonn.

¶5    After Terry and Theodore received the Property, various transactions occurred, but as pertinent to this appeal, the taxes on the Property went unpaid for several years and Certain paid the delinquent taxes on August 8, 2007, totaling $23,104.73.  The Custer County Treasurer then issued and assigned tax sale certificates to Certain.  On August 23, 2007, Certain mailed notice of the pending issuance of a tax deed to all interested parties,

2

including Terry.[1]  However, Certain did not send notice to Chavez, a current occupant of the Property throughout this period.[2]  A tax deed was issued to Certain on October 24, 2007.

¶6    On November 1, 2007, Certain filed an action to quiet title to the Property, naming Terry and other parties as defendants.  Later, Certain learned that Chavez also occupied the Property, and on March 28, 2008, Certain filed a motion to amend the complaint to add Chavez, which the District Court granted.

¶7    Certain, claiming no notice of a tax deed was required for Chavez, moved for summary judgment.  The District Court granted Certain's motion, concluding that notice to Chavez was not required, and that this Court's analysis to the contrary in *Gentry Mont. Enters., Inc. v. McDonald*, 2004 MT 322, 324 Mont. 67, 101 P.3d 767 was in error.

¶8    Terry and Chavez appeal the District Court's order granting summary judgment to Certain.

## STANDARD OF REVIEW

¶9    This Court reviews appeals from district court summary judgment rulings *de novo*. *Erler v. Creative Fin. & Invs., L.L.C.*, 2009 MT 36, ¶ 16, 349 Mont. 207, 203 P.3d 744 (citing *May v. ERA Landmark Real Estate of Bozeman*, 2009 MT 299, ¶ 17, 302 Mont. 326, 15 P.3d 1179).  "We review a district court's summary judgment to determine

---

[1] The notice was provided pursuant to the 2005 version of § 15-18-212, MCA, which was in effect at that time.  No substantive revisions were made to this provision by the 2007 Legislature.

[2] Section 15-18-111(3), MCA, defines an "interested party" as "a mortgagee, vendor of a contract for deed or the vendor's successor in interest, lienholder, or other person who has a properly recorded interest in the property."  Although an occupant, Chavez does not fall within any of these categories and is not an interested party.

whether it was correctly decided pursuant to Rule 56, M. R. Civ. P., which provides that summary judgment is appropriate only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." *Erler*, ¶ 16 (quoting *May*, ¶ 17). When reviewing a district court's legal conclusions, we review them for correctness. *Erler*, ¶ 16 (citing *Palmer v. Bahm*, 2006 MT 29, ¶ 11, 331 Mont. 105, 128 P.3d 1031).

**DISCUSSION**

**¶10 Did the District Court err by concluding that an occupant of the property was not entitled to notice prior to the issuance of a tax deed?**

¶11 Chavez argues the District Court erred by concluding no notice was required to be given to him as a current occupant of the Property prior to the Custer County Treasurer's issuance of a tax deed. Chavez bases his argument on our holding in *Gentry* that a tax deed is void unless the current occupant receives such notice.

¶12 The tax deed notice statute at issue, § 15-18-212, MCA (2005), provides:

    (1)    Not more than 60 days prior to and not more than 60 days following the expiration of the redemption period provided in 15-18-111, a notice must be given as follows:

        (a)    for each property for which there *has been issued to the county* a tax lien sale certificate or for which the county is otherwise listed as the purchaser or assignee, the county clerk *shall notify all persons considered interested parties in the property and the current occupant* of the property, if any, that a tax deed may be issued to the county unless the property tax lien is redeemed prior to the expiration date of the redemption period; or

        (b)    for each property for which there has been issued a tax lien sale certificate *to a purchaser other than the county* or for

4

which an assignment has been made, the purchaser or assignee, as appropriate, *shall notify all persons considered interested parties in the property*, if any, that a tax deed will be issued to the purchaser or assignee unless the property tax lien is redeemed prior to the expiration date of the redemption period.

(Emphasis added.) Subsection 212(1)(a), which applies when the "county" receives the tax deed, requires notice be given to both an "interested person" and the "current occupant." Subsection 212(1)(b), which applies when a purchaser "other than the county" receives a tax deed, requires notice be given only to "interested parties"—not a current occupant.

¶13 The question is whether notice was required to be given to Chavez. Were the above-quoted subsections the only applicable statutory language, the answer would be simple: no notice is required to be given to a "current occupant" when the purchaser was someone "other than the county," as provided in subsection 212(1)(b). However, an internal conflict in the statute is created by subsection 212(4), which requires additional analysis. That provision states:

> *The notice required under subsections (1)* [inclusive of 212(1)(a) and 212(1)(b)] . . . *must be made by certified mail, return receipt requested, to each interested party and the current occupant, if any, of the property.* The address to which the notice must be sent is, for each interested party, the address disclosed by the records in the office of the county clerk and, for the occupant, the street address or other known address of the subject property.

Section 15-18-212(4), MCA (emphasis added). In contrast to 212(1)(b), 212(4) provides that notice must be given to both "each interested party" and "current occupant."

5

¶14     We interpreted this statute in *Gentry*. Gentry Montana Enterprises, Inc. (Gentry), purchased improvements made on United States Forest Service land. *Gentry*, ¶ 6. In 1998, Flathead County assessed taxes against the improvements, but the taxes went delinquent. *Gentry*, ¶ 7. When no one purchased the tax lien, Flathead County purchased the property. *Gentry*, ¶ 7. Flathead County assigned its interest in the property to McDonald in April of 1998. *Gentry*, ¶ 7. In May of 1998, McDonald provided notice of the pending issuance of a tax deed to interested parties, but he did not provide notice to Gentry, the current occupant. *Gentry*, ¶ 8. In August of 1998, Flathead County issued a tax deed to McDonald. *Gentry*, ¶ 9. McDonald sought to quiet title, and, on August 6, 1999, the district court entered a decree granting McDonald fee simple title to the improvements. *Gentry*, ¶ 10. Gentry sought to void the decree because McDonald failed to provide notice as required by § 15-18-212, MCA. *Gentry*, ¶ 10.

¶15     McDonald proceeded by giving notice pursuant to 212(1)(b). While analyzing 212(1)(b), we read 212(4) in conjunction with 212(1)(b), stating:

> [I]nterestingly, [212(1)(b)] does not require notice to be given to current occupants, although that language appears in subsection [212](1)(a). However, regardless of this discrepancy, we note here that [212(4)] states both clearly and explicitly that the notice required under subsection [212](1) - inclusive of subsections (a) and (b) - must be made to each interested party **and** the current occupant. Further, we have held that "[e]very essential and material step required by the tax deed statues must be strictly followed," given that an owner risks losing his or her property for a "mere pittance," should these statutes not be followed strictly. *Moran v. Robbin* (1993), 261 Mont. 478, 482-83, 863 P.2d 395, 397-98. To that end, we conclude that McDonald was mandated by statute to give Gentry notice.

*Gentry*, ¶ 25 (emphasis in original).

¶16 Here, the District Court concluded that our analysis in *Gentry* was incorrect, reasoning that subsection 212(4) prescribes only the form of the required notice, whereas subsections 212(1)(a) and 212(1)(b) designate and control to whom notice must be provided. Although we believe the District Court provided an alternatively viable interpretation of the statute, we stand behind the interpretation we reached in *Gentry*.

¶17 Statutes sometimes fall short of providing clear and consistent direction, and "[w]here there are several provisions or particulars, such construction is, if possible, to be adopted as will give effect to all." Section 1-2-101, MCA. Here, subsection 212(4) undoubtedly prescribes the form of the required notice, but it also provides additional language addressing the persons to whom notice must be provided. The Legislature could have crafted subsection 212(4) to state that "[t]he notice required under subsections (1) and (2) must be made by certified mail, return receipt requested" and ended the sentence there. However, it continued, and by adding "to each interested party and the current occupant" at the end of the sentence, the Legislature effectively inserted into subsection 212(1)(b) a requirement that notice be given to an occupant of the property. In *Gentry*, we harmonized these provisions by giving effect to this additional language in subsection 212(1)(b), which required notice to be given to the occupant. *Gentry*, ¶ 25.

¶18 Since *Gentry* was decided in 2004, the Legislature has not revised this statute in response to this Court's interpretation. The Legislature is presumed to know this Court's interpretations of its statutes. *Sampson v. Natl. Farmers Union Prop. and Cas. Co.*, 2006 MT 241, ¶ 20, 333 Mont. 541, 144 P.3d 797 (citing *Baitis v. Dept. of Revenue of St.*, 2004

7

MT 17, ¶ 24, 319 Mont. 292, 83 P.3d 1278). If the Legislature had disagreed with this Court's interpretation, the Legislature could have revised the statute. *See St. v. Kirkbride*, 2008 MT 178, ¶ 21, 343 Mont. 409, 185 P.3d 340. We presume the Legislature approved of our decision in *Gentry* because it did not amend the statute in response to our interpretation. *Kirkbride*, ¶ 21; *Sampson*, ¶ 20.

¶19 As we have explained about the cardinal doctrine of *stare decisis*:

> [P]rinciples of law should be positively and definitely settled in order that courts[,] lawyers, and, above all, citizens may have some assurance that important legal principles involving their highest interests shall not be changed from day to day, with the resultant disorders that of necessity must accrue from such changes.

*St. ex rel. Sparling v. Hitsman*, 99 Mont. 521, 525, 44 P.2d 747, 749 (1935). Although *stare decisis* is not a rigid doctrine that forecloses the reexamination of cases when necessary, "weighty considerations underlie the principle that courts should not lightly overrule past decisions." *Allstate Ins. Co. v. Wagner-Ellsworth*, 2008 MT 240, ¶ 39, 344 Mont. 445, 188 P.3d 1042 (quoting *Moragne v. Sts. Marine Lines, Inc.*, 398 U.S. 375, 403, 90 S. Ct. 1772, 1789 (1970)). Faced with viable alternatives, *stare decisis* provides the "preferred course." *Kirkbride*, ¶ 13 (quoting *Payne v. Tenn.*, 501 U.S. 808, 827, 111 S. Ct. 2597, 2609 (1991)).

¶20 Finally, as we noted in *Gentry*, Montana follows the policy that "[e]very essential and material step" within "the tax deed statutes must be strictly followed." *Gentry*, ¶ 25 (quoting *Moran*, 261 Mont. at 482-83, 863 P.2d at 397-98). If a mistake is made, then the tax deed is void. *Gentry*, ¶ 34 (citing *Moran*, 261 Mont. at 483, 863 P.2d at 398);

8

*Spain-Morrow Ranch, Inc. v. West*, 264 Mont. 441, 447, 872 P.2d 330, 334 (1994);

*Sanders v. Yellowstone Co.*, 276 Mont. 116, 121-22, 915 P.2d 196, 199 (1996) (citing

*Moran*, 261 Mont. at 483, 863 P.2d at 400).

¶21 Certain argues that *Gentry* is distinguishable because Gentry had a right of redemption, while Chavez does not. However, § 15-18-111(1), MCA, provides that "redemption of a property tax lien acquired at a tax lien sale or otherwise may be made by the owner, the holder of an unrecorded or improperly recorded interest, *the occupant of the property*, or any interested party . . . ." (Emphasis added.) Thus, as an occupant of the property, Chavez had the same right of redemption as Gentry.

¶22 We hold that notice of issuance of a tax deed is required for both an "interested party" and a "current occupant" under subsection 212(4). Failure to provide such notice to Chavez renders the tax deed issued by Custer County void. We reverse and remand this matter to the District Court for further proceedings consistent herewith.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER