JUSTICE RICE,
dissenting.
¶28 I do not believe the Court’s analysis adequately conveys that for the past 33 years we have consistently held that the remedy for violation of § 46-7-101(1), MCA, is suppression of all evidence obtained during any “unnecessary delay.” See State v. Benbo, 174 Mont. 252, 262, 570 P.2d 894, 900 (1977); State v. Rodriguez, 192 Mont. 411, 418, 628 P.2d 280, 284 (1981); State v. Dieziger, 200 Mont. 267, 270, 650 P.2d 800, 802 (1982); State v. Beach, 217 Mont. 132, 149-50, 705 P.2d 94,105 (1985); Hope v. State, 2003 MT 191, ¶ 14, 316 Mont. 497, 74 P.3d 1039; City of Billings v. Peterson, 2004 MT 232, ¶¶ 27-30, 322 Mont. 444, 97 P.3d 532. In denying Strong’s motion to dismiss, the District Court, citing these cases, got it exactly right by reasoning that “the proper remedy is suppression of improperly obtained evidence.”
¶29 The Court fails to acknowledge the “weighty considerations” of stare decisis or the limited circumstances under which that “cardinal doctrine” may be contravened. Certain v. Tonn, 2009 MT 330, ¶ 19, 353 Mont. 21, 220 P.3d 384 (citations omitted). “Faced with viable alternatives, stare decisis provides the ‘preferred course.’” Certain, ¶ 19 *122 (citing State v. Kirkbride, 2008 MT 178, ¶ 13, 343 Mont. 409, 185 P.3d 340; Payne v. Tenn., 501 U.S. 808, 827, 111 S. Ct. 2597, 2609 (1991)). Instead, the Court overrules years of precedent and adopts a new rule without demonstrating that the standards for contravening stare decisis have been established.
¶30 In response, the Court offers that there is flexibility within our previous decisions which relieves the stare decisis problem. However, the Court’s analysis is incorrect. First, in Benbo, we declared very clearly that “[h]enceforth, the effect of a failure to take a person before a judge without unnecessary delay after his arrest” would be suppression of evidence collected during the delay. Benbo, 174 Mont. at 262, 570 P.2d at 900. In fact, the clear statement of remedy adopted in Benbo was taken wholesale from previous applications of the remedy in federal and other state courts. Benbo, 174 Mont. at 261-62, 570 P.2d at 899-900. The Court offers that our holding in Rodriguez showed suppression was a nonexclusive remedy, but the Court misreads this juvenile case. In Rodriguez, the Court acknowledged that the youth statutes, unlike the adult statutes, had no provision requiring that a youth be brought before a magistrate “without unnecessary delay.” Rodriguez, 192 Mont. at 418, 628 P.2d at 284. In light of the absence of a statute, the Court thus stated that it would “fashion an appropriate remedy” for youth cases, but nonetheless cited to Benbo. Rodriguez, 192 Mont. at 418, 628 P.2d at 284. We were thus reaffirming the Benbo rule for youth cases, not indicating that alternate rules could be adopted for adult offenders. We have not even mentioned dismissal as a remedy, let alone applied it, since adoption of the suppression remedy in Benbo, until the Court’s new venture today.
¶31 As a practical matter, suppression may be a superior remedy to dismissal because, hypothetically, the State could jail a defendant, deprive him of an initial appearance while collecting evidence, dismiss the charges, and then re-arrest him.
¶32 The new remedy adopted by the Court is unclear. I understand it to be dismissal without prejudice, unless there is specific prejudice shown which warrants dismissal with prejudice, but also “reaffirm[ing] the holding of Benbo,” Opinion, ¶ 21, to the limited extent that evidence collected during a period of delay can also be considered in determining specific prejudice. The Court holds that suppression of evidence is a remedy, but not “the only remedy.” Opinion, ¶ 21.1 believe that clarity in the law would be served by retaining our long-established rule, and would affirm the District Court’s application of it.